IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: § | | |
| APACHE ENERGY SERVICES, LLC § | | Chapter 11 |
| Debtor § | | Case No. 15-60069 (DRJ) |
| § | | |
| In re: § | | |
| § | | |
| HII TECHNOLOGIES, INC. § | | Chapter 11 |
| Debtor § | | Case No. 15-60070 (DRJ) |
| § | | |
| In re: § | | |
| § | | |
| AQUA HANDLING OF TEXAS, LLC § | | Chapter 11 |
| Debtor § | | Case No. 15-60071 (DRJ) |
| § | | |
| In re: § | | |
| § | | |
| HAMILTON INVESTMENT GROUP § | | Chapter 11 |
| Debtor § | | Case No. 15-60072 (DRJ) |
| § | | |
| In re: § | | |
| § | | |
| SAGE POWER SOLUTIONS, INC. f/k/a § | | Chapter 11 |
| KMHVC, INC. § | | Case No. 15-60073 (DRJ) |
| Debtor § | | |
| § | | (**Joint Administration Requested**) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (1) DIRECTING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1; AND (2) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)**

**NOTICE UNDER BLR 9013(b) AND 9013(i)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER

1

NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASI, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.

**The Honorable David R. Jones,**
**United States Bankruptcy Judge:**

HII Technologies, Inc. ("HII") and its above-captioned affiliated debtors (collectively, the "Debtors") file this Emergency Motion for Entry of an Order (1) Directing Joint Administration Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1; and (2) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Federal Rule of Bankruptcy Procedure 1015 provides the statutory predicate for the requested relief.

## BACKGROUND

2. HII is a Houston, Texas based oilfield services company with operations in Texas, Oklahoma, Ohio, and West Virginia focused on commercializing technologies and providing services in frac water management, safety services and portable power used by exploration and

McKool 1114393v4

production ("E&P") companies in the United States. It is traded on the OTCQB under the Stock Symbol HIIT.  It was formed as a "roll up" of smaller oilfield service companies under a single umbrella.  In December 2014, the Debtors employed 103 persons and extensively used independent contractor crews in connection with field service work.

3. The "crown jewel" of the HII group is the use of patented "HydroFLOW" non-chemical bacterial elimination technology; a part of its frac water management services.  This provides a chemical-free bacteria neutralization system for stored water to be used in fracing and on-the-fly treatment during water transfer to frac jobs which has a bacterial kill rate of 99%.  Measuring bacterial kill can be accomplished by an onsite bacteria testing unit which verifies efficacy of the HydroFLOW technology.  This technology compliments traditional oilfield water management services referred to as flow back and water transfer.

4. HII operates through wholly-owned subsidiaries.  The table below provides an overview of the current subsidiaries and their oilfield service activities:

| **Name** | **Doing Business As (dba)**: | **Business** |
|---|---|---|
| Apache Energy Services, LLC | AES Water Solutions | Frac Water Management Solutions |
|  | AES Safety Services | Oilfield Safety Services |
| Aqua Handling of Texas, LLC | AquaTex | Frac Water Management Solutions |
| Hamilton Investment Group | Hamilton Water Transfer | Frac Water Management Solutions |
| Sage Power Solutions, Inc. | Sage Power, South Texas Power, or STP | Oilfield Power Management Solutions |

5. **AES.** In 2012, HII sold its former operations leaving a public "shell".  HII began to acquire oilfield service assets.  On September 27, 2012, HII acquired all of the outstanding membership interests of Apache Energy Services LLC (dba AES Water Solutions), a Nevada limited liability company ("AES").  AES is a water transfer services company serving oilfield customers. AES grew into a  "total frac water management services company" doing business as AES Water Solutions and providing  equipment, logistics and services  associated  with  the

3

millions of gallons of water typically used during hydraulic fracturing and completions of horizontally drilled oil and gas wells.  On November 12, 2013, HII acquired Aqua Handling of Texas, LLC. (dba AquaTex) a frac water transfer company.  On August 12, 2014, HII acquired Hamilton Investment Group, Inc. ("Hamilton Water Transfer" or "Hamilton") another frac water transfer company.

6.      **AES Safety Services**.  In January 2013, HII launched AES Safety Services, a division that offers contract safety engineers and professionals, safety training and onsite safety inspection services for E&P companies that prefer outsourcing many of their safety programs, or are required to by state regulation.  AES Safety Services is HII's oilfield safety consultancy providing experienced trained safety personnel such as contract safety engineers during oilfield operation from site preparation "rigging up" to drilling and completion for E&P customers.  AES Safety Services provides flexibility as outsourced safety consultants, training and inspection to its customers to move quickly in key locations.  Operations were halted before the Chapter 11.

7.      **Sage Power.**  In December 2012, HII launched a mobile oilfield power solutions and services business, which is being conducted through the wholly-owned subsidiary, Sage Power Solutions, Inc. f/k/a KMHVC, Inc. dba South Texas Power, or STP.  HII's oilfield mobile power subsidiary, Sage Power Solutions, does business as South Texas Power (STP) and operates a fleet of mobile generators, light towers and related equipment for in-field power rental where remote locations provide little or no existing electrical infrastructure.

8.      HII's executive offices are located at 8588 Katy Freeway, Suite 430, Houston, Texas, 77024. Apache Energy Services, its largest subsidiary, is based at 793 Charco Street, Goliad, Texas and maintains its assets there.  Sage Power Systems f/k/a KMHVC, Inc. – South

4

Texas Power (STP) operates from 1551 Damron Street, Tuleta, Texas. Hamilton formerly operated in Oklahoma and AquaTex formerly operated in Texas.

9. The Debtors' immediate objectives in commencing these chapter 11 cases are to minimize any loss in the value of their assets, preserve on-going business operations, and maximize creditor recoveries. To accomplish these ends, the Debtors intend to sell at auction substantially all of their assets. The auction should create a mechanism by which the free market values the assets and gives the greatest recovery for the estates.

## RELIEF REQUESTED

10. Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

    a. One docket shall be maintained for the Debtors' cases, under the case number assigned to HII Technologies, Inc.;

    b. The caption of all pleadings, orders and other papers filed shall be modified as follows to reflect the joint administration of these cases:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **HII TECHNOLOGIES, INC.,** *et al.*[1] | § | **15-60070 (DRJ)** |
|     **Debtors** | § | **(Jointly Administered)** |

    c. A notation substantially similar to the following notation shall be entered on the docket for all other Debtors to reflect that each of the Debtors' chapter 11 cases shall be jointly administered under the HII Technologies, Inc. chapter 11 case:

> An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Apache Energy Services, LLC (4404); (ii) Aqua Handling of Texas, LLC (4480); (iii) HII Technologies, Inc. (3686); (iv) Sage Power Solutions, Inc. fka KMHVC, Inc. (1210); and (v) Hamilton Investment Group, Inc. (0150).

McKool 1114393v4

        case of HII Technologies, Inc., Case No. 15-60070 (DRJ). The docket for HII Technologies, Inc. should be consulted for all matters affecting this case.

    d.    The Office of the United States Trustee shall conduct joint informal meetings with Debtors, if one is required, and a joint first meeting of creditors, if one is required;

    e.    Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

    f.    Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

    g.    Separate claims registers shall be maintained for each Debtor;

    h.    One plan and disclosure statement may be filed for all of these cases; however, substantive consolidation is not being requested at this time; and

    i.    The Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the United States Trustee.

11.    The Debtors additionally request waiver of the need to include the Debtors' full tax identification numbers in pleading captions. *See* 11 U.S.C. § 342(c)(1); FED. R. BANKR. P. 1005 & 2002(n).

## BASIS FOR RELIEF

12.    Federal Rule of Bankruptcy Procedure 1015 authorizes the Court to order the joint administration of the estates of a debtor and its affiliates. FED. R. BANKR. P. 1015(b) ("If a joint petition or two or more petitions are pending in the same court by . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates"). Each of the above-captioned Debtors is an affiliate of Apache Energy Services and HII. *See* 11 U.S.C. § 101(2); *see also* Cross Declaration.[2]

---

[2]    Section 302 of the Bankruptcy Code further contemplates the joint administration of affiliated cases.

McKool 1114393v4

13. Joint administration of these cases will save considerable time and expense for the Debtors, their estates, the United States Trustee, and this Court. The Debtors share employees and premises from which they conduct their business operations, have common operating methods, and share financing obligations. Accordingly, relief requested for this Court will be common to each of the Debtors and joint administration will therefore prevent duplicative pleadings, notices, and orders.

14. Creditors will not be adversely affected by joint administration of these cases. The Debtors are not seeking substantive consolidation. Each creditor will be required to file a claim against a particular Debtor's estate, separate claims registers will be maintained, and each estate's assets will be subject to only the claims of creditors of that estate.

15. Moreover, omitting the Debtors' tax identification number and address from pleading captions is purely procedural and will not affect any party's rights as this information is available already on the Debtors' chapter 11 petitions.

## **NOTICE**

16. Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) all known or alleged secured creditors; (c) the 20 largest consolidated unsecured creditors of the Debtors; (d) the DIP Lender(s); (e) all known shareholders holding over 5% of a class of equity interests in any of the Debtors; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

McKool 1114393v4

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached to this Motion granting the relief requested in this Motion, and grant the Debtors such other and further relief as may be just and proper.

Dated: September 18, 2015.

                        **MCKOOL SMITH, P.C.**

By:   */s/ Hugh M. Ray, III*
       Hugh M. Ray, III
       State Bar No. 24004246
       Christopher D. Johnson
       State Bar No. 24012913
       Benjamin W. Hugon
       State Bar No. 24078702
       600 Travis, Suite 7000
       Houston, Texas 77002
       Tel: 713-485-7300
       Fax: 713-485-7344

*Proposed Counsel for the Debtors and Debtors-in-Possession*